IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MAURICE MOORE,

Plaintiff,

vs.

BRANDIE HINKLE, EOC III; and
STATE OF NEBRASKA EQUAL
OPPORTUNITY COMMISSION ET.
AL.,

Defendants.

4:26CV3119

MEMORANDUM AND ORDER

Plaintiff Maurice Moore filed a Complaint on April 8, 2026. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Nebraska Equal Opportunity Commission ("NEOC") and Brandie Hinkle ("Hinkle"), an NEOC Investigator, in her official and individual capacities. Plaintiff alleges Hinkle discriminated against Plaintiff when responding to his request to file a charge of discrimination. Plaintiff attached a copy of a letter from Hinkle to Plaintiff dated February 3, 2025, in which Hinkle wrote:

The Commission is in receipt of your correspondence on 2/3/2025.

The Nebraska Equal Opportunity Commission does not have the jurisdiction to compel a Court to provide you with a copy of a search warrant. You will need to address that issue with the Court in which your case is assigned.

> Grievances regarding issues with counsel are not a service held out to the public. The correct place to bring your complaint regarding your attorney would be to the Office of the Counsel for Discipline, Committees on Inquiry, Disciplinary Review Board.

Filing No. 1 at 3.

As relief for the alleged discrimination, Plaintiff seeks $1 million in damages.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se

litigants are held to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the Court finds that the Complaint fails to state a plausible claim for relief against the defendants and must be dismissed.

### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.,* 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.,* 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 377–78 (8th Cir. 1981).

Plaintiff only seeks monetary relief against the NEOC, a state agency, *see* Neb. Rev. Stat. §§ 20-139 and 48-1116, and Hinkle in her official and individual capacities. Plaintiff's claims against the NEOC and Hinkle in her official capacity are, therefore, barred by the Eleventh Amendment and must be dismissed. *Birge v. Nebraska Med.,* No. 8:16CV551, 2017 WL 773525, at *3 & n.2 (D. Neb. Feb. 27, 2017) (claims against NEOC and NEOC employee in official capacity barred by Eleventh Amendment).

## B. Individual Capacity Claims Against Hinkle

Liberally construed, Plaintiff alleges Hinkle discriminated against him by denying his request to file a charge of discrimination related to his grievances regarding an apparent state court proceeding. As the Court understands it, Plaintiff claims the NEOC has jurisdiction to address his grievances regarding his issues with counsel and his inability to obtain a copy of a search warrant from the state court, and Hinkle's denial of his request to file a discrimination charge violated his equal protection rights under the Fourteenth Amendment.

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

> "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994), *citing City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). "Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that []he was treated differently than others who were similarly situated to h[im]." *Id.* "Absent a threshold showing that []he is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.*

*In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018) ("'[d]issimilar treatment of dissimilarly situated persons does not violate equal protection'") (quoting *Klinger*, 31 F.3d at 731)); *see also Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (for equal protection claim, prisoner must show that he is treated differently than similarly situated inmates and that the different treatment is based on suspect classification or a fundamental right).

An equal protection violation also requires "an intent to discriminate." *In re Kemp*, 894 F.3d at 910; *see also Henley v. Brown*, 686 F.3d 634, 642 (8th

4

Cir. 2012) ("In the absence of any allegations of intentional discrimination, we therefore concluded the Equal Protection Clause did not provide a ground for relief for appellant's section 1983 race discrimination claim."); *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (unequal treatment of persons entitled to be treated alike is not denial of equal protection unless intentional or purposeful discrimination is shown).

Here, Plaintiff alleges no facts to suggest he was treated differently than similarly situated individuals seeking assistance from Hinkle and the NEOC. Despite his contentions to the contrary, nothing in the NEOC regulations Plaintiff cites to indicates that the NEOC is required to provide assistance with situations or grievances like Plaintiff's. *See* Filing No. 1 at 4–5. Plaintiff also alleges no facts suggesting an intent to discriminate against Plaintiff based on any suspect classification or fundamental right. *Cf. McCullough v. Fox*, No. 407CV931 SNLJ, 2009 WL 2913569, at *4 (E.D. Ark. Sept. 9, 2009) ("Plaintiff's generalized and conclusory statement that he was discriminated against on the basis of his unidentified disability are subject to dismissal as this theory is completely devoid of any factual allegations concerning the claim."). Thus, the Complaint's allegations fail to state an equal protection claim against Hinkle.

## IV. CONCLUSION

Plaintiff's claims against the NEOC and Hinkle in her official capacity are barred by sovereign immunity, and his Complaint fails to state a plausible claim for relief against Hinkle in her individual capacity. Plaintiff's Complaint is, therefore, subject to preservice dismissal under 28 U.S.C. § 1915(e)(2), and the Court finds dismissal without prejudice is appropriate as further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

2. The Court will enter judgment by separate document.

3. Plaintiff's motion for summons, Filing No. 6, is denied as moot.

Dated this 8th day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

6